IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1827-04






BONNIE JALAANE RAY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


GREGG COUNTY





 Keller, P.J., filed a dissenting opinion.


 The Court characterizes Owen Williams as an "acquaintance" of appellant's. (1) But Williams
was not just an acquaintance; he was a friend. He explicitly said so in his own testimony on direct
examination:

Q. All right Sir. Are you and her friends?

A. Yes.

Q. Is that a fair statement?

A. Yes.

In her testimony, appellant also admitted that she and Williams were "friends" and that was a "fair
characterization." The day she was arrested she went over to his house and watched television and
played dominoes. She indicated that such behavior was not unusual and that "[w]e play dominoes,
spades." So Williams was not a disinterested witness. He was a friend, with a motive testify in
appellant's favor.

 That fact alone would not make the error harmless, but there are other factors. Appellant
was arrested on November 24, 2002, a Sunday. She testified under cross-examination that she had
traveled from Longview to Marshall on Friday and made a return trip in time to be at Williams's
house on Sunday. Despite the fact that she had no friends in Marshall and rarely went to that town,
she drove to Marshall alone "just to get out of, get out of [sic] Longview." Although she claimed
to have stayed at a motel, she could not recall its name, and could say only that it was on highway
80. She claimed that she did not smoke crack on Friday night or Saturday but smoked some residue
in her pipe on Sunday morning before making her return trip to Longview.

 Although she did not know George very well, appellant claimed that she accompanied him
in his car to get something to eat at McDonald's. She testified that she had only a small amount of
change and would otherwise be forced to choose between putting gas in her car and getting
something to eat because there was a risk there would not be anything to eat at her home in Pine
Tree. She had not had a job in over two months.

 When she and George were stopped, the police found the container of crack cocaine in
between the center console and the passenger seat, where appellant was sitting. Her purse contained
drug paraphernalia: a crack pipe, a straw, a razor blade, and baking soda. She admitted that the crack
pipe and the straw were used to consume drugs, but she claimed that the razor blade and the baking
soda were for legitimate, non-drug purposes. She claimed the razor blade was for use in a box cutter
at previous jobs, and she had taken it out of its sheath and placed it in a lipstick box to keep from
cutting herself when she reached inside her purse. When asked whether she used the razor blade for
illegal purposes, she initially answered "not really." As for the baking soda, she claimed it was for
treating heartburn, or sometimes, for brushing her teeth. It is worth noting that appellant has prior
drug convictions, including one for delivery.

 Appellant's explanations were beyond incredible. She claims she did not have enough
money for gas on the way home, but she chose to travel to Marshall for no reason at all. However,
she cannot remember the name of the place she stayed. She claims the razor blade was used in
connection with work, but she had not worked for over two months. And her attempt to offer an
innocuous explanation for the baking soda is simply "over the top." As someone experienced with
delivering drugs, she obviously knew that the razor blade and baking soda could not be explained
as items possessed by a mere user. Her "not really" response to whether she used the razor blade for
illegal purposes appears to be a not-so-subtle sign that she was not telling the truth. 

 The obvious explanation for all of these curious facts is that appellant went to Marshall (or
perhaps somewhere else) to obtain the cocaine and met with George to sell the merchandise. 
Williams was an interested witness, and appellant's attempts to innocently explain her behavior were
not credible. Under these circumstances, I would find the error in excluding the evidence to be
harmless.

Date filed: November 16, 2005

Publish
1. Court's op. at 2.